NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVOOD KHADEMI,

               Plaintiff-Appellant,

  v.

SEAN VANDERWENDE, Police Officer; et al.,

               Defendants-Appellees.

No. 19-17051

D.C. No. 2:18-cv-02798-TLN-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Pretrial detainee Davood Khademi appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2000).  We affirm.

The district court properly dismissed Khademi's action because Khademi failed to allege facts sufficient to state a plausible claim.  *See Davis v. United States*, 564 U.S. 229, 232 (2011) (explaining an officer may conduct a warrantless search of an arrestee's person and the area within his immediate control); *United States v. Lopez*, 482 F.3d 1067, 1072-73 (9th Cir. 2007) (explaining probable cause standard required for warrantless arrest); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (elements of Fourteenth Amendment medical care claim by pretrial detainee); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**